# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1139V
Filed: September 11, 2017
UNPUBLISHED

|  |  |
|---|---|
| JAMIE MOHR, <br><br>     Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>     Respondent. | Special Processing Unit (SPU); <br> Attorneys' Fees and Costs |

*Michael G. McLaren, Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.*
*Debra A. Filteau Begley, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On September 14, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration after an influenza vaccination on December 27, 2015. On March 2, 2017, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 21.)

  On April 28, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 26.) Petitioner requests attorneys' fees in the amount of $19,090.00 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $3,044.15.  (*Id.* at 1.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.

On May 15, 2017, respondent filed a response to petitioner's motion.  (ECF No. 27.)   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing hourly rates for the McLaren firm.  The undersigned concluded that petitioner's counsel should be compensated at rates which are consistent with the rates requested in the instant application, with the exception of work performed by paralegals in 2016.  The undersigned adopts the reasoning in the *Henry* decision for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours.  However, consistent with *Henry, supra*, the undersigned reduces the award to reflect rate reductions for 2016 and 2017 paralegal rates.  The undersigned also reduces the claimed cost of certain travel expenses.

Mr. Webb requested $119.23 for food expenses on September 21, 2016, consisting of a dinner at The Capital Grille in Dunwoody, Georgia.  (ECF No. 26-2 at 15, 27).  The undersigned finds the requested amount to be unreasonable and reduces it to $69.00, an amount reflective of 2016 federal per diem rates for meals and incidental expenses for Atlanta, Georgia.[3]  This results in a reduction of $ 50.23.

Additionally, there was 15.4 hours of paralegal time billed at a rate of $150 per hour in 2016, amounting to billing of $3,255.00.  (ECF No. 26-2, p. 14.)  Reducing the hourly rate to $145 for all these hours reduces the total amount to $3,178.00.00, a reduction of $77. An additional 9.6 hours of paralegal time was billed at a rate of $155 per hour in 2017, amounting to billing of $1,488.00.  Reducing the hourly rate to $148 for these hours reduces the total amount to $1,420.80, a reduction of $67.20.

---

[3] *See* GSA FY 2016 Per Diem Rates for Atlanta, Georgia, at https://www.gsa.gov/portal/category/100120.

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees: | $19,090.00 |
| Less 2016 paralegal rate reduction: | -$77.00 |
| Less 2017 paralegal rate reduction: | -$67.20 |
| Adjusted total: | $18,945.80 |
| Requested costs: | +$3,044.15 |
| Less meal reduction: | -$50.23 |
| Adjusted total: | $2,939.72 |
| **Total Attorneys' Fees and Costs Awarded:** | **$21,939.72** |

**Accordingly, the undersigned awards the total of $21,939.72[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Michael G. McLaren.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                                **s/Nora Beth Dorsey**
                                                Nora Beth Dorsey
                                                Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.